# EXHIBIT A

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
19-C-04239-S3
6/14/2019 8:22 PM

*[signature]* J. *[illegible]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHERRY MORELAND | ) |
| | ) |
| Plaintiff | ) |
| | ) CASE FILE NO: 19-C-04239-S3 |
| vs | ) |
| | ) |
| COMCAST CABLE COMMUNICATIONS, | ) |
| LLC., and STELLAR RECOVERY, INC. | ) |
| | ) |
| Defendant | ) |

### COMPLAINT FOR DAMAGES

COMES NOW, Sherry A. Moreland, Plaintiff in the above styled action and

states her complaint against the Defendants, Comcast Cable Communications,

LLC., and Sterling Recovery, LLC., as follows:

**1.**

Plaintiff brings her complaint for violations of Georgia Fair Business

Practices Act and the Fair Credit Reporting Act.

**2.**

Defendant Comcast Cable Communications, LLC. (Hereinafter "Comcast")

is a foreign limited liability company authorized to do and doing business in the

State of Georgia. The Defendant is subject to the jurisdiction of this Honorable

Court. Service may be perfected upon the Defendant through its registered agent for service, that being CT Corporate System, 289 S. Culver St., Lawrenceville, Ga 30046-4805.

3.

Defendant Stellar Recovery, Inc., is a foreign corporation with a principal office address at 4500 Salisbury Road, Suite 105, Jacksonville, FL. 32216.

4.

Stellar Recovery, Inc. (Hereinafter "Stellar") is actively doing business in Georgia illegally since the corporation is not registered with the Secretary of State and does not maintain a registered agent within the State of Georgia. Service may be perfected through the Georgia secretary of State.

5.

Defendant Comcast is a "user" of credit information and "furnisher" of credit information as described in the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681.

6.

Defendant Stellar is a "debt collector" as described 15 U.S.C.§ 1692-1692p.

7.

Defendant Comcast also provides cable television, internet, and phone

services to consumers in Georgia.

8.

Plaintiff and Defendant Comcast entered into a services contract for cable and other services that, upon information and belief, that ended in or around June, 2014.

9.

Plaintiff closed her residential cable account with Defendant Comcast by tendering a final payment of $96.14 in cash at a Comcast retail store in Dothan, Alabama in July, 2014.

10.

Plaintiff did not receive further communication or correspondence from Defendant, Comcast until approximately two months later when Plaintiff received a call from Credit Protection Association, L.P., ("CPA"), a collection agency acting as agent for Defendant, Comcast.  CPA sought the same $96.14 debt that Plaintiff had tendered to Defendant, Comcast in July, 2014.

11.

When Plaintiff explained to CPA that she paid her Comcast bill in July, 2014 and their records were inaccurate, CPA instructed Plaintiff to contact Defendant, Comcast.

**12.**

Despite having paid the bill in full July, 2014, Plaintiff tendered a second payment of $96.14 to Defendant, Comcast via debit card on September 25, 2014.

**13.**

In November, 2015, Defendant, Stellar contact Plaintiff regarding an alleged $96.14 balance, purportedly owed to Defendant, Comcast.

**14.**

Plaintiff immediately disputed the validity of said debt with Stellar, and confirmed with CPA and Comcast, whose internal records both reflected that he account was paid in full.

**15.**

Up to this point, Plaintiff regularly maintained a high credit score of more than 700 points and prided herself on her creditworthiness.

**16.**

Defendant, Comcast and/or Defendant, Stellar reported this inaccurate information regarding a $96.14 debt to consumer reporting agencies in December, 2015.

**17.**

Defendants' negative credit entries directly caused Plaintiff's credit score to drop roughly 60 points.

**18.**

Plaintiff and her husband were preparing to purchase their first home in Fall 2015. Due to the sharp decline in Plaintiff's credit score, her lender withdrew funding for her mortgage. This caused Plaintiff to loose her dream home and incur substantial time and expense identifying, qualifying, and purchasing another home.

**19.**

Defendant was notified of the inaccuracies by Plaintiff, however, Defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

**20.**

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress, and mental anguish to Plaintiff.

**21.**

Defendants were aware that their recordings and activities were false and

would damaged Plaintiff's ability to enjoy life and utilize the credit rating and

reputation property rights she secured by honoring

## COUNT I. VIOLATION OF THE FAIR BUSINESS PRACTICES ACT

### 22.

Plaintiff hereby incorporates into Count I the numbered paragraphs 1

though 21.

### 23.

Defendant Comcast violated the Fair Business Practices Act, O.C.G.A. §

10-1-393(a), when Defendants: (a) referred Plaintiff's account to a second

collection firm despite having received payment; (b) falsely reported to consumer

reporting agencies that Plaintiff owed a debt to Defendant, Comcast and violated

the Fair Credit Reporting Act.

### 24.

Defendant Stellar violated the FBPA by violating the provisions of the Fair

Debt Collection Practices Act, which prevents: (1) debt collection efforts in the

form of incessant, harassing telephone calls; and (2) attempting to collect on a

debt that is not owed.

### 25.

The Fair Business Practices Act ("FBPA") protects consumers from unfair and

deceptive practices in the conduct of trade or commerce in the State of Georgia.
O.C.G.A.§10-1-390 et seq. A person who suffers injury as a result of a violation
of the FBPA is entitled to an award of damages as well as attorney's fees and
expenses of litigation. In the case of an intentional violation of the FBPA, an
injured person also is entitled to three times actual damages as well as exemplary
damages. O.C.G.A.§ 10-1-399.

### 26.

Defendants are liable to Plaintiffs pursuant to O.C.G.A.§ 10-1-399 for treble
actual damages and punitive damages in an amount to be determined at trial, court
costs, litigation expenses and reasonable attorney's fees to Plaintiff.

## COUNT II. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

### 27.

Plaintiff incorporates into Count II the numbered paragraphs 1-21.

### 28.

Defendants were immediately notified on multiple occasions that the debt
was disputed, continued to make collection attempts.

### 29.

Defendants' continued attempts to collect a debt not owed and disputed
were violations of the Fair Debt Collection Practices Act 15 USC § 1692, et seq.

Page 7 of 10

**30.**

As a direct and proximate result of the actions of the Defendants the Plaintiff has suffered damages.

**31.**

In addition to the actual damages suffered, Plaintiff is entitled to recover statutory damages and attorney fees.

## COUNT III. NEGLIGENCE

**32.**

Plaintiff incorporates into Count II the numbered paragraphs 1-21.

**33.**

Defendants Comcast and Stellar owed duties of reasonable care to Plaintiff.

**34.**

Defendants failed to exercise reasonable care and prudence in the accounting of the Plaintiff's account by: (1) failing to present Plaintiff with a final invoice; (2) reporting and attempting collection of the amounts already paid to Defendant Comcast, each subsequent reporting and re-reporting, the handling and reinvestigation of data about Plaintiff.

**35.**

As a direct and proximate result of the negligence of the Defendants,

Page 8 of 10

Plaintiff has suffered damages.

## COUNT IV, DEFAMATION

### 36.

Plaintiff incorporates into Count III the numbered paragraphs 1-21.

### 37.

Defendants recklessly, maliciously, and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

### 38.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to Plaintiff.

### 39.

Defendants were notified of inaccuracies and problems by Plaintiff, however, Defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

### 40.

Defendants acted with willful intent and malice to harm Plaintiff.

WHEREFORE, PLAINTIFF PRAYS

A.    That here be Judgment in favor of Plaintiff;

B.    That Defendants be held jointly and severally liable;

C.    For damages in such amount as the Jury may determine, but not less than

       One Hundred Thousand ($ 100,000.00) Dollars;

D.    For punitive damages allowed by law;

E.    That Defendants be ordered to instanta publish corrections to clear

       Plaintiff's credit records.

F.    For reasonable attorney fees and expenses of litigation.

G.    For such additional, general, and equitable relief as may be necessary and

       proper.

       This the 14th day of June, 2019.

                                        Respectfully submitted,

                                        /s/Clifford H. Hardwick
                                        Clifford H. Hardwick
                                        Attorney for Plaintiff
                                        Georgia Bar No. 325675

11205 Alpharetta Highway
Suite E-1
Roswell, Georgia 30076-1442
Tel: (770) 772-4700
chh@bellsouth.net

# EXHIBIT B

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-04239-S3**
6/14/2019 8:22 PM

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

CLERK OF STATE COURT

# SHERRY MORELAND

CIVIL ACTION 19-C-04239-S3
NUMBER:

**PLAINTIFF**

### VS.

# COMCAST CABLE
# COMMUNICATIONS LLC and
# STELLAR RECOVERY, INC.

**DEFENDANT**

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Comcast Cable Communications, LLC., via its registered agent, CT Corporation System, 289 Culver Street, Lawrenceville, GA 30046

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

CLIFFORD H. HARDWICK
11205 ALPHARETTA HIGHWAY, SUITE E-1
ROSWELL, GA. 30076

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___14TH___ day of ___JUNE___, 20 _19_.

Richard T. Alexander, Jr.,
Clerk of State Court

By Nichole Norton
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

# EXHIBIT C

# Case Information

19-C-04239-S3 | MORELAND VS COMCAST CABLE COMMUNICATIONS LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| 19-C-04239-S3 | Division 3 | Brown, Carla |
| File Date | Case Type | Case Status |
| 06/14/2019 | Other General Civil* | Pending |

# Party

**Plaintiff**
MORELAND, SHERRY

**Address**
11205 Alpharetta Highway, Suite E-1
Roswell GA 30076

Active Attorneys ▾
Lead Attorney
HARDWICK, CLIFFORD H
Retained

**Defendant**
COMCAST CABLE COMMUNICATIONS LLC

**Address**
c/o 289 Culver Street
Lawrenceville, GA 30046

# Events and Hearings

06/14/2019 Summons ▾

Comment
Summons to Comcast Cable Communications, Inc.

06/14/2019 Summons ▾

Comment
Summons to Stellar Recovery, Inc.

06/14/2019 General Civil/ Domestic Relations Case Filing Info ▼

Comment
Filing Information Form

06/14/2019 Complaint/Petition ▼

Comment
Complaint for Damages

08/20/2019 Summons ▼

Anticipated Server
Gwinnett County Sheriff's Office

Anticipated Method
Sheriff
Serving Officer
Calabrese, Nicholas

Serving Method
Corporation

08/22/2019 Sheriffs Entry of Service

09/09/2019 Dismissal without Predjudice ▼

Comment
Plaintiff's Dismissal Without Prejudice to Stellar Recovery, Inc.

09/23/2019 No Service Calendar ▼

Judicial Officer
Brown, Carla

Hearing Time
9:30 AM